# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| FAHID FIRAS FAHID SHARQAWI,<br><br>             Petitioner,<br><br>    v.<br><br>JAMES JANECKA,<br><br>           Respondents. | Case No. 5:26-cv-03683-MBK<br><br>ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Fahid Firas Fahid Sharqawi is in the custody of the Department of Homeland Security at the Adelanto Detention Facility. Petitioner is a native and citizen of Jordan who entered the United States on or around January 27, 2024 with an F-1 student visa. On or around March 19, 2026, immigration authorities detained Petitioner in Ontario, California. On April 3, 2026, an Immigration Judge ("IJ") denied Petitioner's request for release on bond, finding that Petitioner's ongoing detention was warranted on flight risk grounds.

In this habeas action, Mr. Sharqawi challenges his continued detention under the Fifth Amendment and the Administrative Procedures

Act. For the reasons that follow, the Court finds that the Petition should be dismissed.

## I.   FACTS AND PROCEDURAL HISTORY

Petitioner Fahid Firas Fahid Sharqawi is a native and citizen of Jordan who was admitted to the United States on or around January 27, 2024, with an F-1 student status visa. Dkt. 1 at 2. His F-1 status was terminated on or around February 28, 2024, after he was unable to complete his studies. *Id.* He thereafter remained in the United States without lawful immigration status. *Id.* On or around March 19, 2026, immigration authorities arrested Petitioner at a gas station in Ontario, California. *Id.* Mr. Sharqawi's fiancée was with him when immigration officers arrested him. *Id.* On the same day, Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear ("NTA") charging him as removable under 8 U.S.C. § 1227(a)(1)(C)(i), for failing to comply with the conditions of the nonimmigrant status under which he was admitted. Dkt. 1-1 (NTA). Immigration authorities transported Mr. Sharqawi to the Adelanto Detention Facility, where he remains detained today. Dkt. 1 at 2.

On April 3, 2026, an IJ conducted a custody redetermination hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 1-2 (Order Denying Bond); Dkt. 8 at 3. The IJ denied Petitioner's request for bond, finding that Petitioner "failed to meet his burden to demonstrate that his release would not pose such significant risk of flight any amount of bond or alternatives to detention" could mitigate. *Id.* At the hearing, Petitioner was represented by counsel. *Id.* The IJ cited Petitioner's failure to comply with the conditions of his visa, insufficient evidence that Petitioner's sponsor was able to financially support Petitioner, and Petitioner's failure to file any applications for immigration relief despite

knowing he did not have lawful status in the United States. *Id.* At the conclusion of the hearing, Petitioner's counsel reserved appeal of the IJ's bond determination. *Id.* at 4. Petitioner alleges that he has appealed the IJ's order denying bond to the Board of Immigration Appeals ("BIA"). Dkt. 1 at 5.

Petitioner has resided in the United States for approximately two years. He has developed substantial family and community ties in that time. *Id.* at 2. Both his mother and his fiancée are United States citizens. *Id.* He has no criminal history and has worked to support his family during his time in the United States. *Id.* at 2. Petitioner's immigration case is ongoing. He has a master calendar hearing scheduled for July 23, 2026, and filed a pending Form I-130 immediate relative petition with United States Citizenship and Immigration Services ("USCIS"). *Id.* at 3.

Petitioner filed the instant habeas action on July 2, 2026. Dkt. 1. Petitioner argues that his detention violates procedural due process, substantive due process, and the Administrative Procedures Act ("APA") substantive due process because he did not receive an individualized custody hearing. *Id.* at 13-17. Among other relief, Petitioner requests the Court order his immediate release or, in the alternative, a prompt constitutionally adequate custody hearing. *Id.* at 17-18. Respondents filed their Answer on July 10, 2026. Dkt. 8. Respondents argue that the Petition should be denied because Petitioner received a bond hearing consistent with the procedures set forth in 8 U.S.C. § 1226(a) and that Petitioner has failed to exhaust his administrative remedies. *Id.* at 3, 8.

Respondents further contend that even if administrative exhaustion were excused, Petitioner's due process claim fails on the merits. *Id.* at 4. Respondents argue that the remedy Petitioner seeks, a hearing addressing prolonged detention, already exists in the form of a *Rodriguez* bond hearing,

which becomes automatically available once a detainee reaches six months of detention. *Id.* Respondents explain that Petitioner has been detained for approximately 113 days and has therefore not yet reached that threshold. *Id.*

Petitioner filed a reply brief on July 22, 2026, in which he reiterated his due process and APA claims. Dkt. 8.

## II.   DISCUSSION

The Petition sets forth three causes of action under substantive due process, procedural due process, and the APA, but they all essentially assert that Petitioner's detention is unlawful because the IJ applied the incorrect procedures at his bond hearing. Specifically, Petitioner argues that the IJ erred by placing the burden on him to show why he should be released, rather than placing the burden on the government to justify his detention by "clear and convincing" evidence. *See* Dkt. 1 at 13 (arguing that substantive due process requires "a prompt and meaningful custody hearing before a neutral adjudicator at which the government bears the burden of proving, by clear and convincing evidence, that continued detention is necessary because Petitioner presents a danger or flight risk that cannot be mitigated through reasonable conditions of release"); *id.* at 15 (arguing that Petitioner was denied "constitutionally adequate process" in violation of procedural due process because he was entitled to a "custody hearing at which the government bears the burden of justifying continued detention by clear and convincing evidence"); *id* at 16-17 (arguing that Petitioner's bond hearing violated the APA because "due process and Ninth Circuit precedent require that the government bear the burden of justifying Petitioner's ongoing and prolonged detention by clear and convincing evidence").

The Court begins by addressing Respondents' argument that the Court

4

should decline to consider Petitioner's claims because he did not fully exhaust administrative remedies. Although the Court concludes that a waiver of exhaustion is warranted, it nonetheless finds that Petitioner is not entitled to habeas relief because he has not shown that the IJ applied the incorrect burden or standard of proof at his bond hearing.

### A. Petitioner was Not Required to Exhaust his Claims

Respondents argue that the Court should dismiss Petitioner's claims for failure to exhaust because he did not appeal the IJ's bond denial to the BIA. Dkt. 8 at 3. Petitioner does not dispute that he did not fully exhaust administrative remedies, but claims a waiver is warranted because he "raises constitutional claims challenging the legality and adequacy of the process used to justify his continued detention" and his ongoing detention causes irreparable harm. Dkt. 9 at 2.

While administrative exhaustion is not a jurisdictional requirement for habeas petitions filed under 28 U.S.C. § 2241, courts typically "require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241" as a "prudential matter." *Ward v. Chavez*, 678 F.3d 1042, 1045 (9th Cir. 2012). "Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007) (internal citations and quotations omitted).

Because exhaustion is not jurisdictional, courts "have discretion to waive a prudential requirement." *Laing v. Ashcroft*, 370 F.3d 994, 998 (9th

Cir. 2004). A court may waive the exhaustion requirement when "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." *Id.* at 1000 (internal quotations and citations omitted).

The Court agrees with Petitioner that a waiver of exhaustion is warranted due to the nature of his claims. The Petition presents constitutional and legal challenges to the Government's bond hearing procedures, which the immigration courts and the BIA have long applied. The BIA would not consider such constitutional claims because it "does not have jurisdiction to determine the constitutionality of the statutes it administers." *Padilla-Padilla v. Gonzales*, 463 F.3d 972, 977 (9th Cir. 2006); *See In Re Fuentes-Campos*, 21 I. & N. Dec. 905, 912 (BIA 1997) ("It is well settled that we lack jurisdiction to rule on the constitutionality of the Act and the regulations we administer."). While the BIA would have authority to review the IJ's ultimate determination that Petitioner is a flight risk, Petitioner does not ask the Court to review that determination.

As such, there is little reason to wait for the BIA because it will not address the claims Petitioner raises here and, in any event, the BIA's position "is already set." *Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017) (waiving exhaustion where "an administrative appellate record is not necessary to resolve the purely legal questions presented by Plaintiffs' challenge to the government's policy of refusing to require ICE and IJs to consider financial circumstances and alternative conditions of release in bond determinations" and "the BIA's position on the question at issue is already set"); *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011) (waiving exhaustion for habeas petition challenging the standard of proof applied at

6

prolonged detention bond hearings on due process grounds, finding that "a record of administrative appeal is not germane to the purely legal question of what standard is most appropriate for such hearings").

**B. The IJ Did Not Apply the Incorrect Burden and Standard of Proof**

Petitioner received a bond hearing pursuant to 8 U.S.C. § 1226(a) and its implementing regulations. Dkt. 1-2 (stating that the hearing was conducted "pursuant to 8 C.F.R. § 1236"). Section 1226(a) provides that the Government "may" detain a noncitizen "pending a decision on whether the alien is to be removed from the United States." 8 U.S.C. § 1226(a). When a person is apprehended under Section 1226(a), ICE officers conduct an initial custody determination to decide whether to release or detain the person. 8 C.F.R. § 1236.1(c)(8). Under the regulations, the ICE officer must release the noncitizen if they "demonstrate to the satisfaction of the officer that such release would not pose a danger to property or persons, and that the alien is likely to appear for any future proceeding." *Id*.

After the initial custody determination, the noncitizen may request that an IJ review the determination at a bond hearing in immigration court. *See* 8 C.F.R. §§ 1236.1(d)(1), 1003.19. "If at this hearing the detainee demonstrates by the preponderance of the evidence that he is not 'a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk,' the IJ will order his release." *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1197 (9th Cir. 2022) (quoting *Matter of Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)).

As Petitioner observes, the Ninth Circuit has held that due process requires the Government to bear the burden by "clear and convincing" evidence to justify a noncitizen's prolonged detention without a bond hearing.

*See Singh v. Holder*, 638 F.3d 1196, 1203-05 (9th Cir. 2011). However, the Ninth Circuit has since rejected that "the Due Process Clause entitle[d]" a noncitizen detained under Section 1226(a) to "a second bond hearing at which the government bears the burden of proof by clear and convincing evidence." *Rodriguez Diaz*, 53 F.4th at 1203-14. The court concluded that "§ 1226(a)'s procedures satisfy due process, both facially and as applied to Rodriguez Diaz." *Id.* at 1203. While the Ninth Circuit did "not foreclose all as-applied challenges to § 1226(a)'s procedures, (*id.* at 1214), Petitioner does not identify any reason why due process required heightened protections in his case.

As such, the Court concludes that Petitioner has not shown that the IJ applied the incorrect burden or standard of proof at his bond hearing and, it follows, that he is entitled to relief on his due process or APA claims.

### III.   CONCLUSION

For the foregoing reasons, the Court DENIES the Petition and dismisses the action with prejudice.

Dated: July 31, 2026

_____
HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE